# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MANDRIEZ SPIVEY,<br><br>    *Plaintiff*,<br><br>v.<br><br>JESSICA WALKER, *et al.*,<br><br>    *Defendants*. | **CIVIL ACTION NO.**<br>**5:20-cv-00331-TES** |

**ORDER**

On October 8, 2020, this Court dismissed Plaintiff Mandriez Spivey's ("Spivey") complaint upon frivolity review. [Doc. 4]. The Court gave Spivey 21 days to amend his complaint. [*Id*.]. Spivey filed his Amended Complaint [Doc. 5] on October 20, 2020. The Court now performs frivolity review of Spivey's Amended Complaint.

## I.     Frivolity Review Under 28 U.S.C. § 1915(e) and 1915A

Spivey's claim may proceed if he has stated a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may dismiss the case at any time if the Court determines that the action is frivolous, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be

granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting 28 U.S.C. § 1915A(b)(1)) ("[a] district court may dismiss *sua sponte* a complaint if it is 'frivolous, malicious, or fails to state a claim upon which relief may be granted[]'").

In order to survive frivolity review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing within Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "*any set of facts* that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Spivey's Amended Complaint repeats his grievances against Federal Probation Officer Jessica Walker. [Doc. 5]. In dismissing Spivey's original complaint, this Court stated that "[it] gives Spivey a chance to amend his Complaint to cure the above-mentioned deficiencies as to all his claims *except* for those against the federal probation officers because judicial immunity renders futile further pursuit of those claims." [Doc.

4, p. 6 (emphasis added)]. Accordingly, this Court disregards Spivey's repeated grievances against Federal Probation Officer Jessica Walker and stands by its dismissal of those grievances in this Court's previous order. [Doc. 4].

Spivey's Amended Complaint refers to an October 24, 2018, pat down at "the Federal Courthouse" where a U.S. Marshal "disrespectfully put his thumb on the side of [Spivey's] buttock towards [Spivey's] rectum." [Doc. 5, p. 2]. Spivey describes this as a "sexual assault." [*Id.*]. Assuming Spivey seeks to allege a Fourth Amendment violation, he falls short. "Whether a search or seizure is constitutionally reasonable is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Denson v. United States*, 574 F.3d 1318, 1338 (11th Cir. 2009) (citations omitted). This Court is unable to see how Spivey's claimed intrusion on his Fourth Amendment rights is unreasonable considering the government's interest in safety at a federal courthouse. In any case, Spivey does not allege enough facts to demonstrate unreasonableness. Even under this Court's liberal construction afforded to *pro se* litigants, Spivey fails to state a nonfrivolous claim against the unnamed U.S. Marshal who patted him down. *See Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 431 (2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) ("liberal construction" standard "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to

sustain an action").

Further, Spivey's Amended Complaint names "Ashley Deadwyler" and complains that she failed to "notify the courts of these actions" and "withdraw a motion for an evaluation which John Fox filed." [Doc. 5, p. 5]. Spivey does not allege who Deadwyler is, what relationship she has to him, or any other fact that would allow this Court to construe a cause of action against Deadwyler. Accordingly, this Court dismisses Spivey's grievances against Deadwyler as frivolous.

## CONCLUSION

The Court **DISMISSES with prejudice** Spivey's Amended Complaint [Doc. 5] upon frivolity review. 'Where 'a more carefully drafted complaint' might cure the deficiencies in a complaint, a *pro se* plaintiff must be given 'at least one chance to amend' before it is dismissed with prejudice." *Horn v. Estate of Camcho*, 817 F.App'x 872, 874 (11th Cir. 2020) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)). The Court gave Spivey a chance to amend his original complaint. [Doc. 4]. His Amended Complaint fails to state a nonfrivolous claim and it must be dismissed.

**SO ORDERED**, this 30th day of October, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**